J-S02019-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SYLVESTER ELLIS, | : | |
| | : | |
| Appellant | : | No. 1333 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 4, 2020,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0005082-2018.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SYLVESTER ELLIS, | : | |
| | : | |
| Appellant | : | No. 1334 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 4, 2020,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0005083-2018.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SYLVESTER ELLIS, | : | |
| | : | |
| Appellant | : | No. 1335 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 4, 2020,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0004982-2019.

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                    Filed: May 20, 2021

Sylvester Ellis appeals from the judgment of sentence imposed after a bench trial where the court found him guilty of retaliation against a witness, terroristic threats, harassment, and stalking.[1]  Upon review, we affirm.

This matter arises from the following facts.  Rita Hill, the Complainant, was in a relationship with Ellis.  On October 9, 2016, Ellis got into a physical altercation with an acquaintance of Ms. Hill, Phineas Jordan, and shot him.  Ellis was arrested and charged with aggravated assault and other related offenses.

Ms. Hill was subpoenaed to testify as a witness at Ellis' trial.  While awaiting trial in prison, Ellis communicated with Ms. Hill by phone and letter.  According to Ellis, Ms. Hill told him that she would come to court and tell the truth about the altercation.  Ellis' trial took place in April 2018, but Ms. Hill never appeared to testify; Ellis was convicted of several offenses.

Shortly after that trial, Ellis sent Ms. Hill two letters from jail threatening to assault and kill Ms. Hill and her family.  When Ms. Hill received the letters, she became "afraid" and reported it to the police.  Ellis was charged with one

_____

[1] 18 Pa.C.S.A. §§ 4953(a), 2706(a)(1), 2709(a)(1), and 2709.1(a).

count each of retaliation against a witness, terroristic threats, harassment, and stalking at two separate dockets.

At the preliminary hearing on these charges, when Ms. Hill read Ellis' letters to the court, Ellis yelled out that she was lying and that he was going to kill her and her family. Sheriffs immediately removed Ellis from the courtroom, but he continued yelling threats and obscenities at Ms. Hill. As a result of this conduct, Ellis was charged again with retaliation against a witness, terroristic threats, and harassment at a third docket.

On January 22, 2020, the court held a bench trial on all three of Ellis' cases. Ellis testified that he wrote the two letters because he was upset that Ms. Hill did not appear to testify at his aggravated assault trial. According to Ellis, Ms. Hill contacted him before that trial and promised she would testify and tell the "truth," which according to Ellis was that he intervened on Ms. Hill's behalf when Jordan assaulted her. Ellis further testified that he did not intend to threaten Ms. Hill in his first letter, but that he did intend to threaten her in his second letter. Ellis also admitted that, at his preliminary hearing, he threatened to kill Ms. Hill and her family because he was still angry over the outcome of his aggravated assault trial; he suspected Ms. Hill colluded with Mr. Jordan to conceal the truth and felt betrayed by her. Ellis blamed Ms. Hill for "not telling [him] the truth," and wanted her and her family "to feel what [he] felt and [his] grandkids who are still scattered." N.T., 1/22/20, at 106-107.

The trial court found Ellis guilty of one count of retaliation against a witness, three counts of terroristic threats, three counts of harassment, and one count of stalking. On February 4, 2020, the trial court sentenced Ellis to three terms of one (1) to two (2) years' incarceration, for the retaliation against a witness and terroristic threats convictions, to run concurrent to each other and to the sentence imposed in his aggravated assault case. Ellis filed a post-sentence motion, which was denied by operation of law.

Ellis then filed this timely appeal. The trial court and Ellis complied with Pennsylvania Rule of Appellate Procedure 1925.

Ellis raises the following three issues on appeal:

1. Is the evidence sufficient to convict [Ellis] of retaliation against a witness?

2. Is the evidence sufficient to convict [Ellis] of terroristic threats?

3. Is the verdict of guilty with respect to the charges of retaliation against a witness and terroristic threats against the weight of the evidence and so contrary to the evidence that it shocks one's sense of justice under the circumstances of this case?

Ellis' Brief at 7.

In his first two issues, Ellis claims that there was insufficient evidence to sustain his convictions for retaliation against a witness and terroristic threats. When analyzing whether the evidence was sufficient to support a conviction, this Court must "view the evidence in the light most favorable to the Commonwealth as the verdict winner in order to determine whether the jury could have found every element of the crime beyond a reasonable doubt."

*Commonwealth v. Thomas*, 215 A.3d 36, 40 (Pa. 2019). "The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." *Commonwealth v. Brown*, 52 A.3d 320, 323 (Pa. Super. 2012). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Commonwealth v. Vargas*, 108 A.3d 858, 867 (Pa. Super. 2014) (*en banc*). Additionally, this Court cannot "re-weigh the evidence and substitute our judgment for that of the fact-finder." *Id*. A challenge to the sufficiency of the evidence presents a pure question of law and, as such, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Jacoby*, 170 A.3d 1065, 1076 (Pa. 2017).

We first consider Ellis' claim that the evidence was insufficient to sustain his conviction for retaliation against a witness. The trial court based this conviction on Ellis's outburst during the preliminary hearing and the preceding threats he made toward Ms. Hill. Specifically, Ellis claims that the evidence was insufficient to establish that his threats and/or comments harmed Hill. He further claims that the evidence was insufficient to show that he repeatedly threatened Ms. Hill. Ellis maintains that his outburst at the preliminary hearing was merely transitory and not part of a repeated course of conduct. Ellis' Brief at 19, 24.

To convict Ellis of retaliation against a witness, the Commonwealth had to establish that he "harm[ed] another by any unlawful act *or* engage[d] in a course of conduct *or* repeatedly commit[ted] acts which threaten[ed] another in retaliation for anything lawfully done in the capacity of witness, victim, or a party in a civil matter." 18 Pa.C.S.A. § 4953 (emphasis added).  As the trial court observed, this statute sets forth three alternative ways for the Commonwealth to establish this offense.  The Pennsylvania courts have interpreted Section 4953 to allow for a conviction for retaliation if the Commonwealth proves the defendant engaged in any one of the following situations for a retaliatory purpose:  the defendant 1) "harmed another by any unlawful act;" 2) "engag[ed] in a course of conduct which threatened another;" or 3) "repeatedly committed acts which threaten another." *Commonwealth v. Ostrosky*, 909 A.2d 1224, 1228 (Pa. 2006).  Given the statute's language, the Commonwealth need not show harm when the threatening conduct is recurrent or presents a pattern.

The trial court summarized the evidence presented in this case to establish retaliation against a witness as follows:

Ms. Hill was subpoenaed as a witness to testify at [Ellis' aggravated assault] trial in April 2018.  [Ellis] expected Ms. Hill to appear and testify in his favor.  After Ms. Hill failed to appear and testify, [Ellis] sent Ms. Hill two letters threatening to kill her and her family.  At his preliminary hearing, [Ellis] again threatened to kill/harm Ms. Hill because he remained angry over his imprisonment and the purported betrayal of Ms. Hill, whom [Ellis] suspected of colluding with Mr. Jordan to conceal the truth about his altercation with Mr. Jordan.  [Ellis] blamed Ms. Hill for "not

- 6 -

telling [him] the truth," and he wanted Ms. Hill and her family "to feel what [he] felt[.]"

Trial Court Opinion, 10/8/20, at 7 (citations omitted). As the trial court found, this evidence showed that Ellis repeatedly threatened to harm Ms. Hill in retaliation for her refusal to testify favorably at his trial in April 2018, and therefore a showing of harm was not required, contrary to Ellis' argument. *Id.* We agree. Ellis' first issue fails.

We next consider Ellis' claim that the evidence was insufficient to sustain his convictions for terroristic threats. Again, the trial court based these convictions on the two letters Ellis sent Ms. Hill from jail and his outburst during the preliminary hearing. Specifically, Ellis claims that the evidence did not establish that he intended to terrorize Ms. Hill. Ellis' Brief at 30. Instead, in sending the letters to Ms. Hill, Ellis only desired to express to her his utter devastation and hopelessness after his conviction. *Id.* at 32. Furthermore, his outburst in the courtroom was merely a spur-of-the-moment threat made out anger and was directed at Mr. Jordan, not Ms. Hill.

To convict Ellis of terroristic threats, the Commonwealth had to establish that he made: (1) a threat to commit a crime of violence; and (2) that the threat was communicated with the intent to terrorize. 18 Pa.C.S.A. § 2706(a)(1); *Commowealth v. Walls*, 144 A.3d 926, 936 (Pa. Super. 2016). Importantly, we note that "[t]he purpose of [section 2706] is to impose criminal liability on persons who make threats which seriously impair personal security or public convenience. It is not intended by this section to penalize

mere spur-of-the-moment threats which result from anger." 18 Pa.C.S.A. § 2706 cmt.; **Walls**, **supra**.

The trial court summarized the evidence presented in this case to establish terroristic threats:

> [Ellis] sent two letters to Ms. Hill threatening to kill her, and he orally threatened to kill Ms. Hill at the preliminary hearing. The language [Ellis] employed could not have been clearer: e.g., "I'm never going to rest until you and your family [die;]" "I will give my trucks away in order to have you killed[;]" and "I swear on my mother, son, daughter and grandchildren if I ever get out of jail alive I am going[] spend my life looking for you and your family because I am going to kill you."

Trial Court Opinion, 10/8/20, 9-10 (citations omitted). Additionally, the language in the letters and statements made at the preliminary hearing clearly threatened violence and evinced Ellis' intent to make her feel fearful. He wrote that she should always be watching over her shoulder. He admitted at trial that he wanted her to feel how he felt, "as if [his]life was over." Moreover, because Ellis repeatedly made threats of violence toward Ms. Hill, they were not merely transitory as Ellis' claimed. As the court found, Ellis' own testimony and written words firmly established that he threatened to commit a crime of violence and did so with the intent to terrorize Ms. Hill. **Id.** at 8.

Based upon our review of the record and viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that the Commonwealth presented sufficient evidence to sustain Ellis' convictions for retaliation against a witness and terroristic threats.

In his third issue, Ellis claims that the verdicts for retaliation against a witness and terroristic threats were against the weight of the evidence so as to shock one's sense of justice. Ellis Brief at 36.

When reviewing a challenge to the weight of the evidence, our standard of review is as follows:

> The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. ***Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.***
>
> * * *
>
> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> * * *
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. ***Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.***

***Commonwealth v. Clay***, 64 A.3d 1049, 1054–55 (Pa. 2013) (citations omitted) (emphasis added). Absent an abuse of discretion, the trial court's decision will not be disturbed. ***See Commonwealth v. Griffin***, 515 A.2d 865, 869 (Pa. 1986). An abuse of discretion "is not merely an error in judgment. Rather, it involves bias, partiality, prejudice, ill-will, manifest

unreasonableness or a misapplication of the law." ***Commonwealth v. West***, 937 A.2d 516, 521 (Pa. Super. 2007) (citation omitted). By contrast, a proper exercise of discretion "conforms to the law and is based on the facts of record." ***Id.***

Initially, we observe that, a weight claim is filed typically after a jury trial in the hope that the trial court judge who, like the jury, had an opportunity to hear the evidence and observe the demeanor of the witnesses, "will conclude that the verdict was so contrary to what it heard and observed that it will deem the jury's verdict such a miscarriage of justice and trigger the court's time-honored and inherent power to take corrective action." ***Criswell v. King***, 834 A.2d 505, 512 (Pa. 2003). Here, however, a non-jury trial was held. Although weight of the evidence claims have been addressed in non-jury cases, there is a logical inconsistency in asking a trial judge to conclude that his non-jury decision shocked his own conscience. Notwithstanding this, we consider whether the trial court's decision was against the weight of the evidence.

We note that Ellis does not specify how the trial court abused its discretion. Instead, he merely argues evidence favorable to him and, essentially, asks this Court to reweigh the evidence. Based upon our standard of review for weight claims, we cannot do so. ***Clay***, ***supra***. Nonetheless, after a review of the record and the trial court's rationale for denying Ellis' weight claim, we conclude that the trial court did not abuse its discretion.

Not surprisingly, the trial court concluded that its non-jury verdict was not against the weight of the evidence. In reaching its decision, the trial court re-examined the evidence presented to support Ellis' convictions. The court found that "the same evidence defeating [Ellis'] sufficiency challenge defeats his identical weight challenge." Trial Court Opinion, 10/8/20, at 8. Considering Ellis' conduct under the totality of the circumstances and the evidence presented, the trial court logically found and concluded that the verdicts for retaliation and terroristic threats were not against the weight of the evidence. Ellis has not convinced us that an abuse of discretion occurred; his third issue also fails.

Judgement of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/21

- 11 -